**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARTURO AGUILAR ENRIQUEZ, a.k.a. Arturo Enriquez-Aguilar, a.k.a. Arturo Aguilar,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 12-72177<br><br>Agency No. A021-180-732<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Arturo Aguilar Enriquez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for protection under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Aguilar Enriquez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Mexican government if returned.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining generalized evidence of violence and crime in Mexico is insufficient to meet the CAT standard).  We do not consider the country report Aguilar Enriquez references in his brief because it is not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).  We reject Aguilar Enriquez's contention that the agency ignored background evidence in the record.  Finally, we lack jurisdiction to consider Aguilar Enriquez's contention regarding intentional deprivation of medical care because he failed to raise it before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**